

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Jefferson M. Gray*
*Assistant United States Attorney*
*Jefferson.M.Gray@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4915*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

August 28, 2022

**BY CM/ECF**

The Hon. Ellen L. Hollander
U.S. District Court Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:   *United States v. Jacky McComber*
              Crim. No. ELH-21-036

Dear Judge Hollander:

     I am writing to address the concerns raised with respect to the filing on our post-hearing brief in defense counsel's letter of Wednesday, August 24th.

     The government's post-hearing brief addressing the relevance of the testimony taken during the three full days of motions hearings in this case on July 14th, 20th, and 25th was due to be filed on Tuesday, August 23rd. We made every possible effort to get it filed by that date. However, during the final days of July and the first week of August, most of my time was taken up by the necessity of completing a lengthy affidavit and supporting exhibits to support extradition proceedings in the United Kingdom against Muhammad Ahmed Khan, a long-term fugitive in one of my cases (*United States v. Sherlekar, et al.*, Crim. No. JKB-16-0324, indictment filed June 27, 2016) who was recently arrested on an Interpol warrant while transiting through Heathrow Airport.

     As the papers attached as **Exhibit 1 (Extradition Paperwork Excerpts)** reflect, I completed the affidavit and swore it out before Magistrate-Judge Hurson on Monday, August 8th; the Director of the Office of International Affairs at the Department of Justice approved the extradition request on Tuesday, August 9th; and Attorney General Merrick Garland's seal was affixed to it on Wednesday, August 10th. At that point, the extradition package was tendered to the U.S. Department of State, which in turn transmitted to the Crown Prosecutor for the United Kingdom. Expedition was necessary because I understand that Mr. Khan's final detention hearing in the United Kingdom was set for last week.

     In addition to dealing with the extradition paperwork in the *Khan* matter, during the second week of August I was also trying to complete the drafting of a proposed set of stipulations to address the circumstances under which the purported Guinther letter first surfaced while Mr. Ahlers was reviewing InfoTeK corporate records with his client

The Hon. Ellen L. Hollander
August 28, 2022
Page Two

on Friday, February 25th. I was close to completing these when I had to turn my attention to the post-hearing filing, and expect to be able to get those out to Mr. Ahlers as soon as the motions hearing schedule this week permits.

As late as Tuesday morning, August 22nd, I still thought we would be able to complete our brief and file it as scheduled by the end of the day, or shortly thereafter. However, the text of our brief involved substantial quotations from the hearing transcripts, all of which had to be reformatted from the PDFs we received from the court reporters. In the end, reviewing and making corrections in a brief that ran just over 34 pages, plus assembling the substantial exhibits, mostly drawn from the hearing transcripts, took longer than I had hoped. I managed to file the brief at 5:34 a.m. on Wednesday morning, which was before the start of regular business hours that day. **Exhibit 2 (ECF receipt).**

It is true that defense counsel filed his post-trial submission shortly before 5 p.m. on August 22nd. Both because I was busy with trying to get our own filing done as soon as possible and because it is my practice never to read an opposing counsel's filing that is due the same day that comes in before our own is filed, I did not take time to read it and nothing that defense counsel said in his filing influenced anything that we said in our brief.

Thus, defense counsel's claim that we "intentionally" filed our brief late is without any foundation. While claiming he was "prejudiced" by our late filing, he makes not the slightest attempt to point to anything in our filing that directly responds to his, or that he maintains may have been influenced by his submission. Moreover, why we would have felt the need to do so is a complete mystery, since the Court has previously granted both parties the opportunity to file a statement in reply to the other side's initial post-hearing filing by this coming Friday, September 2nd.

In any case, we do apologize to the Court for the late filing. We are doing our best to juggle the extraordinary (and, we believe, largely unnecessary) demands that this case has grown to present while addressing the requirements of our other existing matters as well.

We will address the scheduling issues raised by the contemplated motion in limine concerning the defendant's "acceptance" theory by a separate letter. However, we note that many of the issues related to this were already addressed in our responses to the defendant's Motion to Dismiss (ECF # 54, filed February 22, 2022 and ECF # 72, filed April 7, 2022), as well as in our responses and objections to Mr. Stein's opinions (ECF # 105, filed June 16, 2022), especially our lengthy response (including many case citations) to Mr. Stein's Opinion 44.

Very Truly Yours,

Jefferson M. Gray

Attachments

cc: Clarke Ahlers, Esq. (by CM/ECF)