**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Jefferson M. Gray*<br>*Assistant United States Attorney*<br>*Jefferson.M.Gray@usdoj.gov* | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4915*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091* |

September 22, 2022

**BY CM/ECF**

The Hon. Ellen L. Hollander
U.S. District Court Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

   Re: *United States v. Jacky McComber*
     Crim. No. ELH-21-036
     Additional Matters that The Government Believes Will
     Need to be Addressed Prior to the Trial of this Case

Dear Judge Hollander:

  As we discussed earlier today, I am writing in regard to a number of matters that the government believes will need to be addressed and resolved prior to trial.

  1. The government will produce a consolidated written response by next Tuesday, September 27th focusing on (1) the "opinion" the defendant's proposed expert Mr. Charles Stein offered with regard to the idea that the government's payment of an invoice constitutes an "acceptance" and factual finding that the services have been provided as billed, along with the related idea advanced by defense counsel that the government's payment of the bills submitted by InfoTeK constitutes a "defense" that the defendant should be entitled to present to the jury at trial and (2) the claim that the Garrett Bosshardt email of November 2021 constitutes any kind of "defense" to the charges in the indictment returned nine months earlier, in February 2021, and that relate to criminal offenses allegedly committed between April 2016 and October 2017. See, e.g., Mr. Stein's Opinions #s 23, 25, 44, 50-52 and 56, of which the defense is still seeking to have him testify to #s 25, 44, 50, and 51 (see ECF # 149, Defendant's "Reassessment" of Mr. Stein's opinions). Please note that we have previously cited some authorities relevant to these "opinions" or "defenses" in our objections and responses to Mr. Stein's opinions in ECF # 105, filed on June 16th, as well as in our responses to the defendant's now-withdrawn Motion to Dismiss, ECF #s 54 & 78, filed on February 22nd and April 15th respectively.

  2. In our letter to the Court yesterday afternoon (ECF # 166), we addressed the need to schedule a hearing on the admissibility of the purported Guinther documents. In our conference call today, Mr. Ahlers, with his client Ms. McComber present on the call as well, advised the Court that he no longer intended to seek to admit

The Hon. Ellen L. Hollander\
Page Two\
September 21, 2022

the purported Guinther documents. He further stated that he was doing so without any restriction on the government's ability to introduce the purported Guinther letter for its own purposes as part of its case or to use it for purposes of impeachment. That concession eliminates the need for the hearing we outlined yesterday, and also eliminates the need to have the FBI Laboratory proceed with fingerprint testing on the purported Guinther documents. We will so advise them tomorrow.

    3.    Mr. Ahlers on Wednesday, August 31st submitted a supplemental filing in regard to his motion to compel production of *Brady* material (ECF # 155), which had been briefed between May 31st and July 28th and argued over the two previous days, August 29th and 30th. We have already discussed this matter to some extent during the call yesterday, and we believe that the additional arguments Mr. Ahlers advanced in this filing (aside from the defense's citation of the Fourth Circuit's decision in *United States v. Blankenship*, 19 F.4th 685 (4th Cir. 2021)) were largely addressed already in our previous filing, ECF # 119. If it would assist the Court for us to put on file our response to the defendant's additional arguments based upon the *Blankenship* case, however, we would be glad to do so.

    4.    The government further believes that the following other matters should be addressed and resolved prior to the trial of this case by means of the submission of motions *in limine* (many of which should be relatively short):

- The defense's statement of its intention to request a spoliation instruction, and its intended argument that various types of documents were "required" to be maintained by the NSA (this issue may also overlap with the permissibility of some of Mr. Stein's remaining opinions). We believe that the initial burden here should be on the defense to file this motion, since it relates to a jury instruction they propose to request, and the Court's resolution of this issue will clearly turn in significant part on what the defense's proposed instruction says.

- The impropriety of any "blame the victim" or "estoppel" defense, based upon the fact that the government did not detect the defendant's fraud as it was ongoing (this subject overlaps with, and indeed may be covered by, the "acceptance" motion discussed above).

- The government's intention to introduce the defendant's statements against interest during her sworn testimony to the NSA-OIG examiners on October 3rd, 2017, and the impermissibility of the defense introducing exculpatory statements from that same transcript.

- The government's intention to introduce statements (including admissions against interest by the defendant) in an email sent by InfoTeK's counsel, Andrew Hallowell, Esq., to NSA-OIG Special Investigator Lori Hazenstab on November 10, 2017 in which he acknowledged that Ms. McComber had not

The Hon. Ellen L. Hollander
September 21, 2022
Page Three

> billed the full number of hours she charged as program manager to the Ironbridge contract on her time sheets for a majority of the dates identified in the original whistleblower's letter **(Exhibit 1)**. It may be possible to reach agreement on a stipulation that will cover this, or the Court may simply rule that these statements are admissible as non-hearsay under FED. R. EVID. 801(d)(2)(C) and as admissions under Rule 804(b)(3). Other-wise, Mr. Hallowell may have to be called as a witness himself to testify to the statements by the defendant upon which his representations were based.
>
> - The defense's stated intention to introduce evidence that the NSA agreed to pay an additional $1 million to InfoTeK in connection with the wholly separate SILENT ROAR contract in 2021, in response to a claim by InfoTeK that it had mistakenly billed for less than what it was entitled to on that contract.
>
> - The possibility that the defense may try to introduce evidence that InfoTeK received two additional contracts from the NSA between the fall of 2017 and the return of the indictment and the issuance of the suspension notice in late February and March 2017. (As to both this item and the previous one, the defense may resolve them by filing a letter with the Court if it does not intend to proffer this evidence at trial. If it does intend to do so, then we think the defense in the first instance should file motions *in limine* explaining why it believes these matters are relevant, to which the government can then respond.)
>
> - The government will be entitled at trial to bring out information relating to the records produced by InfoTeK in response to the grand jury subpoena in early 2020. This may be addressed either by a stipulation, or by the designation of a documents custodian other than the defendant herself.
>
> - Also, while the government is prohibited under *Griffin v. California*, 380 U.S. 609 (1965) from alleging that the defendant has any burden of proof, or that the defendant has any obligation to testify or otherwise produce evidence in their own defense, it is also well-established that this does not preclude the government from noting the defense's ability to present evidence and making reference to its failure to do so, so long as that evidence is available from some source other than the defendant. Because many defense attorneys (and occasionally even some judges) do not appear to understand this distinction, however, we will file a short motion *in limine* in the near future setting forth the case law concerning these points.
>
> - Although the defense did not respond to the government's motion *in limine* to exclude the testimony of Mr. T.J. Crews as a lay or expert witness concerning InfoTeK's Unanet timekeeping records (ECF # 70, filed March 25, 2022 and ECF # 80 [noting defendant's failure to respond], filed April 28, 2022), and

The Hon. Ellen L. Hollander
September 21, 2022
Page Four

      eventually stated that it would not call Mr. Crews, the defense also declined (so far as we recall) to disavow any intention of calling a witness to testify about the company's Unanet records. Because this will clearly require expert testimony, and no new expert has been designated, this is another issue that requires clarification without further delay. In addition, on July 18th, we asked the Court (ECF # 126) to Court enter an order formally granting our motion to exclude Mr. Crews as a witness. From our review of the docket entries, it appears that this request is still outstanding. To assist the Court, we have attached the previous filings relating to this matter as **Exhibit 2.**

- As discussed in the telephone call today, we also anticipate that the parties, the NSA and the Court will need to work together to address the NSA's concerns relating to redaction of most of the last names of NSA employees on documents it produces, and the need for the parties and the Court to produce evidence in a way that is readily comprehensible and not confusing to the jury. We believe this will likely entail the entry of a protective order.

                              Very Truly Yours,

                              Jefferson M. Gray

cc:  Clarke Ahlers, Esq. (by CM/ECF)