IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>JACKY LYNN McCOMBER,<br>   Formerly known as<br>   Jacky Lynn Kimmel,<br>   *Defendant*. | Criminal Action No. ELH-21-36 |

**ORDER**

On March 25, 2022, the government filed a lengthy motion in limine to exclude the proposed defense testimony of T.J. Crews, the president of a company called Cyber Protection Services. ECF 70 (the "Motion"). The Motion is supported by several exhibits. No opposition has been filed to the Motion. *See* Docket.[1]

The defense initially disclosed Mr. Crews to the government in a letter of February 3, 2022. *See* ECF 70-3 at 4. However, it was not clear whether Mr. Crews was to be called as an expert witness, implicating Rule 702 of the Federal Rules of Evidence ("F.R.E."), or as a lay witness, under F.R.E. 701. Then, by letter of February 11, 2022 (ECF 70-4), defense counsel advised the government that, if the government were to call Duane Preston or any other person as a witness, to testify about InfoTeK's so called Unanet time records, then the defense intended to call Mr. Crews, either as a F.R.E. 701 witness or as an expert, pursuant to F.R.E. 702.

---

[1] The Court did not thoroughly review ECF 70 when it was filed, given its length; the Court's need to attend to other matters; the Court's general practice of waiting until a non-emergency motion is fully briefed before reviewing it; and the practice of only resolving matters that are in dispute. And, because no opposition was ever filed as to ECF 70, it appeared to be moot.

By correspondence dated April 18, 2022 (ECF 80), the government advised that the defendant had failed to respond to its Motion (ECF 70). Notably, the government included as an exhibit to ECF 80 a copy of defense counsel's email to government counsel dated April 20, 2022. ECF 80-2. In that email, defense counsel expressly represented that the defendant "does not intend to call T.J. Crews **as an expert witness**." *Id.* at 1 (bold in original).

The Court held a telephone conference with counsel and the defendant on May 9, 2022. *See* Docket. A court reporter transcribed the discussion, and the transcript is docketed at ECF 88. In that call, the government mentioned the matter "of what we do with T.J. Crews and his proposed testimony." *Id.* at 19. Then, by correspondence of July 18, 2022 (ECF 126), the government urged the Court to grant its unopposed Motion. And, in the government's "to do list" letter of September 22, 2022 (ECF 169), the government observed that its request as to Mr. Crews was "still outstanding." *Id.* at 4.

It is clear that the defendant has had ample time to oppose ECF 70.[2] But, she has not done so. Therefore, I shall grant the Motion (ECF 70), as set forth below.

Accordingly, it is hereby ORDERED that the defense may not call Mr. Crews as an expert witness at trial to testify with respect to any of the matters set forth in defense counsel's letter to the government dated February 3, 2022 (ECF 70-3 at 3-4). Nor may the defense call Mr. Crews as an expert concerning the content of defense counsel's letter to the government dated February 11, 2022 (ECF 70-4).

---

[2] It is equally clear that the government has repeatedly asked the Court to rule on a matter that the Court had considered moot.

And, it is further ORDERED that, to the extent the defense seeks to prove that someone tampered with timekeeping-related InfoTek Unanet records, Mr. Crews may not offer such testimony.

So ORDERED, this 6th day of January, 2023.

                                             /s/
                                    Ellen L. Hollander
                                    United States District Judge