**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Jefferson M. Gray*
*Assistant United States Attorney*
*Jefferson.M.Gray@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4915*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

February 13, 2023

**BY CM/ECF**

The Hon. Ellen L. Hollander
U.S. District Court Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

                Re:    *United States v. Jacky McComber*
                        Crim. No. ELH-21-036

Dear Judge Hollander:

      In light of the defendant's suggestion while on cross-examination during her testimony last week that government counsel had violated her constitutional rights simply by asking her to identify any persons who could testify that they saw her working long hours on the Ironbridge contract, we are attaching a list of cases establishing that it is entirely appropriate for government counsel to note in closing argument areas where the defense did not support its contentions with witnesses, or did not pose particular questions to witnesses who did appear in Court.

                                    Very Truly Yours,

                                    Jefferson M. Gray

cc: Clarke Ahlers, Esq. (by CM/ECF)

**Whether prosecutor may refer to the defendant's failure to present evidence (where that is available from someone other than the defendant themselves), or to call witnesses, or to ask particular questions of witnesses who are called:**

*See, e.g., United States v. Parker*, 903 F.2d 91, 98-99 (2d Cir. 1990) (prosecutor's reference to the defendant's failure to call his sister as a witness was not improper summation requiring reversal).

*United States v. Dahdah*, 864 F.2d 55, 59 (7th Cir. 1988) ("To begin with, commenting on a defendant's failure to call a witness does not have the effect of shifting the burden of proof unless it taxes the exercise of the defendant's right to testify").

*United States v. Passaro*, 624 F.2d 938, 944 (9th Cir. 1980) ("With respect to whether a prosecutor may comment on a defendant's failure to present witnesses, it is clear that such comment is proper, as long as it is not phrased to call attention to the defendant's own failure to testify").

*United States v. Bubar*, 567 F.2d 192, 199 (2d Cir. 1977) ("noting that a prosecutor is "entitled to comment on a defendant's failure to contradict the factual character of the government's case, . . . as well as his failure to support his own factual theories with witnesses").

*United States v. Rodriguez*, 545 F.2d 829, 832 (2d Cir. 1976) ("We have repeatedly held that a prosecutor may comment upon the defense's failure to contradict witnesses.  This is particularly proper where contradictory testimony was potentially available from witnesses other than the defendant himself.").

*United States v. Dahdah*, 864 F.2d 55, 59 (7th Cir. 1988) (commenting on a defendant's failure to call or ask particular questions of a witness "does not have the effect of shifting the burden of proof unless it taxes the exercise of the defendant's right not to testify . . . .").