**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE
SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

| | |
|---|---|
| JAMES WYDA | PATRICIA L. RICHMAN |
| FEDERAL PUBLIC DEFENDER | ASSISTANT FEDERAL PUBLIC DEFENDER |

December 9, 2023

The Honorable Ellen L. Hollander
United States District Judge for
　the District of Maryland
101 West Lombard Street,
Baltimore, Maryland 21201

　　　　Re:　United States v. Jacky McComber
　　　　　　Case No. 21-036

Dear Judge Hollander:

　　　　We write in response to ECF No. 385, in which the government requested a five-day extension of its deadline to respond to Ms. McComber's Rule 29 motion. Although the Court has already granted that request (ECF No. 386), we write to briefly address two issues raised by the government's submission and to request two things: 1) that the Court extend Ms. McComber's Rule 29 reply brief deadline by an additional three days to January 11, 2024, and 2) that the Court set a discovery conference next week to address the discovery issues raised in the government's letter, some of which are discussed in further detail below.

　　　　1.　**Mr. Gray's Scheduling Request:** Late Wednesday evening, Mr. Gray sought our consent to extend his Rule 29 response filing deadline by three days to Monday, December 11, 2023, with the understanding that if the Court granted Mr. Gray's request, Ms. McComber's reply brief deadline would move to Monday, January 8, 2024. *See* **Ex. A** (explaining defense counsel's opposition to Mr. Gray's request). This schedule would have allowed defense counsel nearly two full weeks before the upcoming holiday to draft the Rule 29 reply, while balancing other obligations, including drafting Ms. McComber's sentencing memorandum. In yesterday's filing, however, and without notice to the defense, Mr. Gray instead requested a *five*-day extension of the government's response deadline, to Wednesday, December 13, 2023, reducing the pre-holiday period to less than a week-and-a-half. *See* ECF No. 385 at

The Honorable Ellen L. Hollander
December 9, 2023
Page 2

1. To recover those additional working days, and in light of the holidays, we therefore request a modest three additional days in the post-holiday period, extending the deadline from the January 8, 2024 deadline Mr. Gray proposed to January 11, 2024. Ms. McComber's sentencing memorandum is currently due January 10, 2024.

2. **Discovery**: The government's request for an extension (ECF No. 385) also raised a number of issues regarding defense counsel's requests for discovery relating to sentencing. It is now clear to defense counsel, despite our repeated efforts over the past four months to work out a solution with Mr. Gray, that the Court's guidance is needed to expeditiously resolve this issue prior to sentencing. Accordingly, we ask the Court to set a discovery conference next week so that each side can be heard. In the meantime, the defense provides the following initial responses to some of Mr. Gray's representations about our discovery requests:

Contrary to Mr. Gray's assertion, the defense has not "pursued increasingly expansive demands for additional discovery productions in this case," nor has defense counsel made clear that it is "reopening all of the discovery demands that were [purportedly] abandoned by prior defense counsel." ECF No. 385 at 2. Instead, in August, defense counsel made targeted discovery requests for documents related to sentencing, *e.g.*, the government's asserted loss figure, obstruction claims, and allegations about Ms. McComber's history and characteristics—all of which are material to the Court's determination of the proper sentence in this case. *See, e.g.*, *United States v. Short*, 485 F.3d 243, 249 (4th Cir. 2007) (the Court must consider the § 3553(a) factors "in determining a sentence"); *see also Basden v. Lee*, 290 F.3d 602, 611 (4th Cir. 2002) (making clear that, under *Brady*, nondisclosed documents are "material to punishment" if they "affect[] a sentence").[1] And despite several efforts by defense counsel to narrow the issues and to give the government the option of stipulating that the prosecution team does not have in its custody and control non-produced evidence that could "affect[] [the] sentence" in this case, the government has so far been unwilling to do so. *Id.*[2]

---

[1] Regardless of what transpired pre-trial with prior defense counsel, current defense counsel has repeatedly advised the government that Ms. McComber has not waived her constitutional right to discovery that is material and relevant to sentencing.

[2] Indeed, Mr. Gray apparently could not have signed such a stipulation, as we confirmed in early November that Mr. Gray withheld documents regarding the report by the questioned documents examiner Linda Eisenhart for several months, while assuring the defense that "everything" had been produced. Defense counsel originally requested those materials on August 3, 2023. *See* Ex. F at 3 (compiling chronology of requests for QDE documents as of September 21, 2023). After months of repeated requests for those documents, *id.* at 4 (9/15/23 email from AUSA Gray expressing confusion about our QDE requests); 9/28/23 (forwarded email by AUSA Gray wherein paralegal represents that "Current defense was given EVERYTHING"), the government finally produced the requested

The Honorable Ellen L. Hollander
December 9, 2023
Page 3

Ms. McComber's security file, which the defense first requested in August, and which we have yet to receive in full, is a prime example of the government's refusal to produce documents material to sentencing. In early August of this year, when new defense counsel was still combing through the record in this case, we discovered that we did not have a copy of Ms. McComber's security file. Ms. McComber has held a Top Secret security clearance since approximately 2001. During that time, she had multiple background security investigations and polygraph examinations. The defense had just one heavily redacted document from Ms. McComber's security file that was obtained by Ms. McComber via FOIA (a 2019 NSA Psychological Report), which states that "[d]uring previous investigations by Security, no derogatory reports were made about Ms. [McComber] and many sources provided *highly favorable information about her*." (emphasis added). In August, we asked the government to produce the security file in order to obtain and present to the Court such "highly favorable information," as it relates to Ms. McComber's history and characteristics and is material to the contrary claims the government is making about her character for sentencing. *See, e.g.*, ECF No. 311 at 23. As with our other pending discovery requests, Mr. Gray slow-walked his response. We made repeated follow-up requests for this material. *See, e.g.*, **Ex. B** (Oct. 6, 2023, Letter from C. Weeks to J. Gray).

Mr. Gray eventually objected to our request for the complete security file, explaining that NSA's production of the material would be burdensome because the security file comprises three volumes of material, two of which "ran 4"- 5" thick." *See* ECF No. 385-3 at 9. We proposed to resolve the issue by agreeing with the government to enter into a stipulation, in lieu of receiving these materials from the NSA. *See* **Ex. C** (Oct. 30, 2023, Letter from P. Richman to J. Gray re: Security File) at 1. The government did not accept our proposal, and to date has not produced to Ms. McComber a single page of the "highly favorable information" that is referenced in the redacted 2019 NSA Psychological Report. *See* **Ex. E** (Dec. 5, 2023, Letter from C. Weeks to J. Gray re: Production 20). Instead, it has produced a subset of cherry-picked documents that almost exclusively concern two allegations that were lodged against our client (and apparently not substantiated, as Ms. McComber maintained her clearance) during her time holding a Top Secret clearance, *see* **Ex. D** (Cover Letters for Government Production No. 15 and 20), while withholding documents that

---

materials on November 2, 2023, Ex. F at 10. Included within that production was a letter showing that the bulk of the produced documents had *originally been sent by the QDE lab to Mr. Gray one year earlier*, on November 22, 2022. *See id.* at 11-12. The defense's cross-examination of the questioned documents examiner on November 17 rested almost entirely on the examiner's contemporaneous notes and communications log.

The Honorable Ellen L. Hollander
December 9, 2023
Page 4

demonstrate why Ms. McComber was able to maintain her clearance despite those allegations.

Moreover, since early August, defense counsel has requested materials related to loss, for which the government is seeking a 12-level enhancement to Ms. McComber's sentence. *See* ECF No. 286 at 8. Contrary to Mr. Gray's assertion, defense counsel is not on a fishing expedition. Among the documents that *were* produced in response to the Court's August 2022 Order, *see* ECF No. 198, were documents material to loss, including a single monthly "stoplight chart" evaluating the Ironbridge contract across certain metrics, including staffing (Ms. McComber's responsibility as Program Manager), which should exist for each of the 19 months in the indictment period. We would be happy to compile these along with additional examples of late-produced discovery that is relevant to loss to discuss in further detail with the Court.

Despite defense counsel making this request in August, and Mr. Gray agreeing at that time to visit NSA to check for responsive documents, to our knowledge Mr. Gray has not taken any steps to assess whether any of the materials that were collected in response to Ms. McComber's pre-trial discovery requests, outside of emails (which Mr. Gray represents he reviewed *for the first time* last week) are material to the issue of loss. And even with respect to those emails, Mr. Gray has advised us that the government's "willingness to allow AFPD Derrow to review the[] emails [next week] does not constitute a blanket commitment on our part to produce *any amount* of material you might now choose to request." *See* ECF 385-3 (Gov't Ex. 3 at 22).

Accordingly, we ask the Court to set a discovery conference next week so that each side can be heard on these issues and expeditiously resolve them prior to sentencing.

Respectfully,

/s/
Patricia Richman
Assistant Federal
Public Defender

cc:   Jefferson Gray, AUSA (via ECF; email)
      Peter Cooch, Trial Attorney, United States Department of Justice (via ECF; email)