**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Jefferson M. Gray
Assistant United States Attorney & Deputy Appellate Chief
Jefferson.M.Gray@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4915
MAIN: 410-209-4800
FAX: 410-962-3091

January 8, 2024

**BY CM/ECF**

The Hon. Ellen L. Hollander
U.S. District Court Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:  *United States v. Jacky McComber*
         Crim. No. ELH-21-036
         The Deadlines Set by ECF # 399 relating to
         the Parties' Filing of the Final Version
         of the Agreed and Still Contested Facts in the PSR
         Government's Updated Sentencing Memorandum

Dear Judge Hollander:

  The Court's latest revised scheduling order ECF # 399 (1/3/24) established today, January 8th, as the day on which the parties were to try and reach a final agreement on the disputed points in the Pre-Sentence Report (PSR) (Item 3). I had hoped at the start of last week that it would be possible for me to get a response to the defendant's objections to defense counsel by late Wednesday night or early Thursday; that we would be able to discuss that on Friday; and that we could then tender the agreed submission describing which disputes had been resolved and which remained outstanding by today, which was the date the Court incorporated in its Order of January 3rd.

  However, I have found as I continued working through the defense's objections – which are numerous – that the repeatedly look up matters in the extensive (some 3,000 pages) trial transcript and the numerous trial exhibits, coupled with the fact that we are now eleven months away from when this testimony was originally taken and the exhibits presented, is proving more time consuming than I had hoped. Also, after the sheer amount of time and attention that this case required between November 14th and December 21st, I have other obligations that cannot continue to be put aside any longer and which therefore must be juggled as well. Again, the core problem is simply that after Mr. Cooch's long-overdue return to his pressing responsibilities at the Fraud Section, the remaining government work on this case has to be handled by me alone.

    I again have a busy week ahead, but with a three-day weekend coming up from January 13th-15th, I believe I should be able to get my response to the defense's objections to them by next Tuesday, January 16th.  My hope would be that the parties can then finalize a joint statement of what is agreed and what is in dispute in time for that to be filed on Monday, January 22nd, the same date as the government's revised sentencing memo.  The defense can then address the remaining disputed points in its sentencing response memo on February 8th, and the government will have a chance to respond in its sentencing reply on February 15th.

    As I have occasion to note before, this will still not be easy.  I have a major criminal investigation that needs to be indicted before the end of January because the longtime case agent is approaching his retirement date, so that deadline must be accommodated as well.  I am further concerned that the defense's ongoing demands for additional document searches and productions may also cut into my ability to concentrate fully on the remaining written assignments set forth in ECF # 399, as well as the need to prepare for the argument on the Rule 29 motion on Tuesday, January 23rd.  But I do hope to keep all the other deadlines that were established by ECF # 399 in place so that the district court proceedings in this matter can be resolved once and for all on March 7th, and I will do everything I can to make that possible.

                                        Very Truly Yours,

                                          Jefferson M. Gray

cc:  All counsel (by ECF)