IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JACKY LYNN MCCOMBER,** <br><br> Defendant. | Case No. 1:21-cr-0036-ELH |

**DEFENDANT'S MOTION TO STRIKE THE GOVERNMENT'S UNTIMELY REPLY TO DEFENDANT'S SENTENCING MEMORANDUM CONCERNING DEFENDANT'S PERSONAL HISTORY AND CHARACTERISTICS**

Defendant Jacky Lynn McComber, by and through her undersigned counsel, hereby moves to strike as untimely The Government's Reply Brief to the De[f]endant's Sentencing Memorandum Concerning the Defendant's Personal History and Characteristics and the accompanying exhibits (ECF Nos. 478 through 478-10, hereinafter "Reply"). Ms. McComber respectfully requests that the Court resolve this motion before the sentencing hearing scheduled for June 26 through June 28, 2024.[1] In support of this motion, Ms. McComber states as follows:

**INTRODUCTION**

Deadlines are essential to the orderly administration of justice in the federal courts. That is why federal courts may extend a deadline "after the time expires" *only* "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). And, as the Fourth Circuit has made

---

[1] Further continuing sentencing because Mr. Gray chose to file his Reply hours before departing for a two-week vacation would cause additional prejudice to Ms. McComber and her family, many of whom are incurring significant expenses to travel from out of town to attend the sentencing. Moreover, re-scheduling sentencing likely would present substantial challenges for Ms. McComber's counsel, who are managing other trials and court dates later in the summer as well as a high-risk pregnancy due in early August. Ms. McComber and her counsel should not be forced to pay the price for Mr. Gray's inexcusable neglect that necessitated this motion to strike.

1

clear, "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). A district court therefore "should find 'excusable neglect' only in the '*extraordinary cases* where injustice would otherwise result.'" *Id.* (emphasis in original) (citation omitted).

This is not one of those extraordinary cases. Mr. Gray has displayed a pattern of careless disregard for deadlines, the Rules of this Court, and this Court's orders throughout this case. Time and again, he has failed to meet his deadlines, despite receiving multiple extensions, to the detriment of Ms. McComber, whose sentencing has now been delayed by more than seven months since it was originally rescheduled for November 2023. During this period, Mr. Gray has taken vacation after vacation, sought and received extension after extension, and *still* failed to meet the generous extensions this Court has granted him.[2] He has even gone so far as to file (also out of time) an *unfinished* brief regarding the core guidelines disputes relevant to sentencing. *See* ECF No. 474. The Federal Rules of Criminal Procedure are binding on all counsel who practice in this Court, including Mr. Gray. *See* Fed. R. Crim. P. 1. Yet the breezy casualness of Mr. Gray's extension requests appears borne of an unfounded expectation that there will be no consequences from the Court for missing deadlines. Mr. Gray's flouting of the Rules has to stop. Absent a showing of excusable neglect, which Mr. Gray cannot make, his Reply must be stricken.

## BACKGROUND

Mr. Gray filed his Reply after the Court-ordered deadline—after receiving multiple prior extensions and admonishments from the Court and without even *attempting* to show that his

---

[2] Defense counsel does not make reference to Mr. Gray taking vacation lightly. By our count, in this calendar year alone, Mr. Gray has taken leave for vacation from February 16–29, 2024 (*see* ECF No. 393 at 2), May 24–June 2, 2024 (ECF No. 464 at 1), and June 13-24, 2024 (*see id.* at 2). That amounts to over four weeks.

neglect to meet his deadline was excusable. It was not. Instead, it is just the latest chapter in a long history of Mr. Gray blowing through deadlines in this case with impunity. Since the undersigned were substituted as defense counsel last year, Mr. Gray has sought extension after extension, and *still* failed to meet his extended deadlines time and again.

In the fall, sentencing (which had been reset for December 18, 2023) was rescheduled at Mr. Gray's request, and the Court set December 22, 2023 as the new deadline for supplemental sentencing submissions, with sentencing to follow on February 6, 2024. *See* ECF No. 371. On December 8, 2023, Mr. Gray sought a day-of extension of time to file his response to the defense's Rule 29 brief that had been submitted months earlier in September. ECF No. 385. The Court granted the extension request over the defense's objection, and Mr. Gray went on to miss his extended deadline anyway. ECF No. 390. As would thereafter become routine, in an after-the-fact letter to the Court, Mr. Gray acknowledged that although he "c[a]me close," he "did not quite meet the Wednesday night deadline, and filed [the government's] brief about six hours late." ECF No. 391. Ultimately, it took Mr. Gray 11 weeks to respond to Ms. McComber's Rule 29 brief.

Three days before the December 22, 2023 sentencing submission deadline, Mr. Gray advised the Court that he "simply [would] not be in a position to file" his supplemental sentencing submission on time. ECF No. 393 at 2. In consideration of Mr. Gray's upcoming two-week vacation, the Court then set the sentencing for March 7, 2024, with opening supplemental sentencing briefs due January 22, 2024. ECF Nos. 393, 399. But Mr. Gray could not meet that deadline either. In yet another day-of-deadline request, Mr. Gray advised the Court on January 22, 2024 that meeting the Court's deadline "has simply not proved to be possible." ECF No. 411 at 1.

3

Sentencing was then postponed to May 17, 2024. *See* ECF No. 417. On February 14, 2024, the Court set April 5, 2024 as the deadline for the government's supplemental sentencing brief; April 19, 2024 for the defendant's response brief; and May 3, 2024 for the government's reply. ECF No. 425. On April 6, 2024, *the day after his deadline had already passed*, Mr. Gray filed his supplemental sentencing memorandum. ECF No. 431. Two weeks later, the defense timely filed both of Ms. McComber's sentencing memoranda. *See* ECF Nos. 433, 435.

Ms. McComber's sentencing memoranda were lengthy. The issue of loss was not resolved at trial, and the defense rebuttal to the government's loss calculation rests on voluminous evidence that was not presented at trial showing that Ms. McComber was doing work in her time offsite. Defense counsel was also required to address at least four separate claims of obstruction raised by Mr. Gray, and three days of testimony presented by the government in support of those claims. And because Mr. Gray asserted that Ms. McComber lied during her pretrial services interview, including about claims of spousal abuse, an investigator with the Federal Public Defender spent several months interviewing Ms. McComber's family, friends and former colleagues, and reviewing thousands of pages of records in order to write a Social History Report to verify Ms. McComber's reports. *See* ECF No. 433-2.

On April 25, 2024, shortly before Mr. Gray's May 3 response deadline and two weeks before the May 17, 2024 sentencing, Mr. Gray filed an "urgent" request for scheduling—his sixth request for scheduling since new defense counsel entered the case. ECF No. 440. Given the volume of the defense's sentencing memoranda and an upcoming oral argument in another case that Mr. Gray had (which, by that time, had been scheduled for several months), Mr. Gray advised the Court that it was "simply" not possible to meet the Court's deadlines. *Id.* at 3.

On May 1, 2024, the Court again amended the schedule. ECF No. 450. The government's reply sentencing memoranda were due by close of business on May 23, 2024. *Id.* Mr. Gray was instructed that if he could not meet that deadline, he should contact the Court to schedule another telephone conference. *Id.* Mr. Gray did not abide by the Court's order. Instead, on the day the sentencing memoranda were due (as by this time was his standard practice), Mr. Gray submitted a letter saying, "[o]bviously, I have been unable to file our responses by today's date (although I did complete my filing [in another case] for Judge Bennett)." ECF No. 464. And with that, he left for a week-long vacation. *Id.*

While Mr. Gray was away on vacation, the Court ordered Mr. Gray "[b]y the close of business on Thursday, June 6, 2024," to "file [the government's] reply concerning the loss and loss calculation and the government's proposed enhancements concerning obstruction," and by the close of business on June 12, 2024, to file the government's reply as to the remaining sentencing issues. ECF No. 472. Mr. Gray did neither. On June 6, 2024, the day the government's reply brief was due, Mr. Gray asked the Court for clarification of the definition of close of business and whether that meant he could "treat that as meaning midnight on each day." ECF No. 473. The Court expressly clarified that "close of business" means 5:00 pm, but granted leave for Mr. Gray to file his briefs by midnight on June 6 and June 12. Ex. A. He did not do even that.

At 8:15 pm on June 6, Mr. Gray sent an email to the Court with the subject line "Honest: This is not a 'Dog Ate My Homework Excuse,'" and claimed to have lost five hours of work due to computer problems. ECF No. 475. Nearly twelve hours later, at 7:35 am the next morning, Mr. Gray proceeded to file an "unfinished brief," which was 3/5 incomplete. ECF No. 474. After defense counsel objected to any implied request by Mr. Gray for additional time to complete his unfinished brief (ECF No. 475 at 3), Mr. Gray responded that the Court had "made it perfectly

5

clear what the schedule is in this case" and acknowledged that his next sentencing brief was due June 12.  ECF No. 476.

When Mr. Gray's second deadline came around on June 12, there were no precursor emails indicating that a delay was likely.  Instead, midnight on June 12 came and went.  Opening of business on June 13 came and went.  Then, at 10:48 am, Mr. Gray filed a 31-page Reply, along with 10 exhibits.  ECF Nos. 478 through 478-10.  Mr. Gray said nothing about the fact that he missed his deadline.  He did not seek leave to file the Reply out of time or otherwise attempt to justify his failure to file the Reply within the Court-ordered deadline.  Counsel for Ms. McComber then requested that the Court provisionally seal the Reply while counsel reviewed the filing and evaluated what additional steps would be necessary.[3]  ECF No. 479-1.  Mr. Gray responded by email at 5:00 pm on June 13, acknowledging for the first time that his Reply was late and stating that he had unilaterally decided not to seek leave to file out of time because he was leaving for another vacation:

> I also wanted to explain that I didn't file a letter asking leave to file past the deadline this morning and to file in excess of 25 pages because by that point, I was seriously concerned that my wife might be faced with going on the trip without me.  So I made the decision that rather than remain at the office any longer, I would send a request by email later in the day, as I am doing now.

ECF No. 479-2.  Mr. Gray did not provide any purported support or explanation for his neglect to meet his deadline.

---

[3] The Court granted defense counsel's request to provisionally seal the Reply and ordered the parties to confer and attempt to reach agreement on proposed redactions upon Mr. Gray's return from vacation. ECF No. 479. Defense counsel will confer with Mr. Gray in accordance with the Court's order in the event the Court does not grant the instant motion to strike.

**ARGUMENT**

Federal Rule of Criminal Procedure 45 provides that a court may extend a deadline "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). The Supreme Court has held that "excusable neglect" should "tak[e] account of all relevant circumstances," including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Fourth Circuit has explained that "[t]he *Pioneer* factors do not carry equal weight; 'the excuse given for the late filing must have the greatest import.'" *United States v. Farris*, 834 F. App'x 811, 812 (4th Cir. 2021) (citation omitted); *see also Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 219–20 (4th Cir. 2011) (holding that late filer failed to establish excusable neglect for filing notice of appeal one day late even though the first, second, and fourth *Pioneer* factors favored him because the reason for the delay, a "calendaring error," was inexcusable). The Fourth Circuit also has emphasized that "[e]xcusable neglect" is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534. Instead, "a district court should find 'excusable neglect' only in the '*extraordinary cases* where injustice would otherwise result.'" *Id.* (emphasis in original) (citation omitted). And even then, "[m]erely establishing 'excusable neglect' does not entitle one to relief from the filing deadline; even upon a showing of 'excusable neglect,' whether to grant an enlargement of time still remains committed to the discretion of the district court." *Id.* at 532 n.2.

Mr. Gray has not established excusable neglect here such that it would be appropriate for the Court to consider granting him an enlargement of time to file his Reply. On the most important *Pioneer* factor—"the excuse given for the late filing," *Farris*, 834 F. App'x at 812—Mr. Gray has

7

said essentially nothing at all. He sent a short email to the Court nearly 24 hours after his deadline had already expired, acknowledging he was fully aware that he missed his deadline yet expressly chose *not* to "file a letter asking leave to file past the deadline." ECF No. 479-2. He made a conscious decision to leave the office without requesting leave for his late filing because he was "seriously concerned" that his wife might leave on vacation without him. *Id.* This is woefully insufficient.

Mr. Gray's "'fail[ure] to act with diligence,'" on its own, warrants striking his late-filed Reply. *United States v. Jones*, No. 8:12-cr-00640-RWT, 2015 WL 2094120, at *2 (D. Md. May 5, 2015) (quoting *Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014)). Indeed, he has not even moved for an enlargement of time to file the Reply. Courts in this Circuit (and elsewhere) routinely strike late filings where the offending party "failed to notify the Court, failed to notify defense counsel, failed to contemporaneously address the untimeliness in the motion, and only filed for leave *after* Defendant moved to strike the untimely filings." *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 792 (E.D.V.A. 2013) (emphasis in original); *see also, e.g.*, *Stringfellow v. Brown*, 105 F.3d 670 (Table), 1997 WL 8856, at *2 (10th Cir. 1997) ("[W]here counsel did not even move for an extension of time, his busy workload does not establish excusable neglect … If there was excusable neglect here, we have difficulty imagining a case of inexcusable neglect.") (citations and internal quotation marks omitted).

Moreover, even if Mr. Gray had moved for an extension, neither his vacation schedule nor his workload would constitute excusable neglect. "An attorney's 'travel schedule' … [is a] circumstance [] reasonably anticipated in the legal profession" that cannot serve as basis for excusable neglect." *Airline Professionals Ass'n v. ABX Air, Inc.*, 109 F. Supp. 2d 831, 834 (S.D. Ohio 2000) (citation omitted); *see also Rockwell Automation v. United States*, 7 F. Supp. 3d 1278,

8

1299–1300 (U.S. Ct. of Int'l Trade 2014) (busy travel schedule is a "weak[] excuse" that cannot constitute excusable neglect). And although Mr. Gray's cursory email to the Court does not even mention his workload—only his personal vacation schedule—"neglect due to a busy schedule is generally not excusable" either. *United States v. Cates*, 716 F.3d 445, 449 (7th Cir. 2013); *see also, e.g.*, *Washington v. People's Choice Home Loan, Inc.*, No. RWT 09cv1475, 2011 WL 1791937, at *2 (D. Md. May 9, 2011) (citation omitted) ("Even if the other *Pioneer* factors counsel in favor of Plaintiffs, to the extent that [the] untimely filing is the result of a heavy caseload … , Plaintiffs' neglect is not excusable[.]"); *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir.2010) (the fact that counsel is "occupied with other hearings does not constitute excusable neglect"); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003) (holding that counsel's "busyness" does not constitute "excusable neglect"); *Jones v. Giant of Maryland, LLC*, C.A. No. DKC 08–0304, 2010 WL 3677017, at *7 (D. Md. Sept. 17, 2010) ("a heavy caseload or a difficult case" does not constitute "excusable neglect," even where a case is complex and involves "reviewing 'voluminous exhibits'").

The reason for Mr. Gray's delay is sufficient, standing alone, to preclude a finding of excusable neglect. But the remaining *Pioneer* factors—"the danger of prejudice to" Ms. McComber, "the length of the delay and its potential impact on judicial proceedings," and whether Mr. Gray "acted in good faith," 507 U.S. at 395—further support striking Mr. Gray's late-filed Reply. Mr. Gray filed his late Reply less than two weeks before sentencing is scheduled to begin on June 26. He more than *doubled* the permissible page limit without seeking leave of Court, and raised a host of new arguments and evidence. *See* L. Civ. R. 105(3) (setting a 15-page limit for replies). Three exhibits are entirely new to the defense. *See* ECF 478-4 (email received by the government in January 2023); ECF 478-7 (email received by the government in June 2021); ECF

9

478-10 (email received by the government on May 24, 2024). And four pages of the Reply are devoted to a PSR objection (characterizing one of Ms. McComber's liabilities as a "massive and independent fraud") that Mr. Gray did not raise with US Probation or defense counsel until *after* he submitted his (second) sentencing memorandum. *See* ECF No. 478 at 18.

Mr. Gray's late filing deprives Ms. McComber of any meaningful opportunity to submit a sur-reply responding to these new arguments before sentencing, even though the Court previously granted Ms. McComber a sur-reply. That sur-reply deadline was pushed to June 7 when Mr. Gray requested an extension until May 23. ECF No. 450. Because he did not meet the further extended deadline and filed late, he deprived Ms. McComber of the opportunity to prepare a sur-reply with sufficient time for the Court to review before sentencing begins on June 26. Indeed, the Court already expressed concern about having enough time to review Mr. Gray's Reply when granting him yet another extension until June 12. *See* ECF No. 472. And Mr. Gray certainly did not act in good faith by missing a deadline with no notice to the Court or Ms. McComber, failing to contemporaneously request an enlargement of time and page limits, and then sending a cursory, after-the-fact email presupposing that he would receive both extra time and extra pages. Stunningly, Mr. Gray's brief closes with the promise that because "[c]onstraints of space and time make it impossible to say more at this time," he intends to "present *additional* arguments" to the Court at the sentencing hearing. ECF No. 478 at 31 (emphasis added).

Moreover, the substance of the filing reflects Mr. Gray's lack of good faith.[4]  Like many of Mr. Gray's past filings and correspondence,[5] the document is replete with offensive, discourteous, and wholly unnecessary attacks against Ms. McComber and defense counsel.  In particular, Mr. Gray devotes pages of his Reply to impugning the integrity, professionalism, and work of an employee of the Federal Public Defender's office.  *But see* ABA Standard 3-3.3(c) ("In written filings, the prosecutor should respectfully evaluate and respond as appropriate to opposing counsel's arguments and representations, and avoid unnecessary personalized disparagement.").  That employee, who is a well-respected and diligent investigator and social worker, does not deserve such callous, personalized attacks.  Mr. Gray also launches mocking, gendered attacks against Ms. McComber that have little relevance to this sentencing proceeding.  *See, e.g.*, ECF No. 478 at 7 n.3 & 10 n.5 (deriding Ms. McComber's past employment).  *But see* ABA Standard 3-1.6 ("The prosecutor should not manifest or exercise, by words or conduct, bias or prejudice based upon … sex … or socioeconomic status.").

In short, Mr. Gray cannot even come close to demonstrating excusable neglect that might justify his late-filed Reply.  That is all the more true given that he has already "requested and been granted [multiple] enlargements of time" for his Reply.  *Jones*, 2010 WL 3677017, at *7.  He is no differently situated than other attorneys who "are busy most of the time and … must organize

---

[4]  Even if this Court finds that Mr. Gray acted in good faith, it is not enough to excuse his neglect here.  As the Fourth Circuit has explained, "the fourth *Pioneer* factor [good faith] is rarely material, as the absence of good faith is seldom at issue." *Symbionics,* 432 F. App'x at 219 (citing *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003)).

[5]  *See, e.g.*, ECF No. 474 at 8 (comparing defense counsel to the "professionals responsible for scrubbing out the images of disgraced or deceased Politburo members"); *id.* at 9 (describing defense counsel's argument as a "silly protestation"); *id.* at 10 (accusing defense counsel of a "desperate quest to besmirch the government" that is "embarrassing"); *id.* at 13 (comparing defense counsel to a "stock figure in cartoons"); *id.* at 17 (accusing defense counsel of making "deliberate omissions"); *id.* at 18 (describing a "bizarre defense attempt"); *id.* (stating that defense counsel "huffily noted").

their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978). And even if the Court were to view his late-filed Reply as "minimal in isolation," this untimely filing "is only the latest example of inexcusable run-of-the-mill inattentiveness by [Mr. Gray]." *Washington*, 2011 WL 1791937, at *2 (citations omitted). "Despite repeated admonishment from the Court, [Mr. Gray] ha[s] continued to miss deadlines in this matter," *id.*, resulting in significant delays in Ms. McComber's sentencing. At some point, there must be consequences. The Court should strike Mr. Gray's untimely Reply because his neglect to file on time was not excusable under Rule 45, the Supreme Court's decision in *Pioneer*, and binding Fourth Circuit precedent.

## CONCLUSION

For the foregoing reasons, Ms. McComber respectfully requests that the Court strike Mr. Gray's late-filed Reply and accompanying exhibits (ECF Nos. 478 through 478-10) for failure to show excusable neglect.

| | |
|---|---|
| Dated: June 18, 2024 | Respectfully submitted, |
| | JAMES WYDA<br>Federal Public Defender |
| /s/ Andrew S. Tulumello | /s/ Patricia L. Richman |
| Andrew S. Tulumello (Bar No. 15494)<br>Claire L. Chapla (admitted *pro hac vice*)<br>Crystal L. Weeks (admitted *pro hac vice*)<br>Alli G. Katzen (admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, NW, Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7100<br>Fax: (202) 857-0940<br>Drew.tulumello@weil.com<br>Claire.chapla@weil.com<br>Crystal.weeks@weil.com<br>Alli.katzen@weil.com | Patricia L. Richman (Bar No. 803572)<br>(*signed by Andrew S. Tulumello with permission of Patricia L. Richman*)<br>ASSISTANT FEDERAL PUBLIC DEFENDER<br>6411 Ivy Lane<br>Suite 710<br>Greenbelt, MD 20770<br>Phone: (301) 344-0600<br>Fax: (301) 344-0019<br>Email: patricia_richman@fd.org |