IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-21-036 |
| JACKY LYNN MCCOMBER | |
| *Defendant*. | |

**MEMORANDUM**

Sentencing in this case will begin in less than one week, on June 26, 2024. The Court pauses its preparations to address yet another ancillary dispute between the parties.

At about 10:48 a.m. on June 13, 2024, the government filed a "Reply Brief to the Defendant's Sentencing Memorandum Concerning the Defendant's Personal History and Characteristics," supported by ten exhibits. ECF 478; ECF 478-1 to ECF 478-10 ("Reply"). The deadline for submission of the Reply had previously been extended to June 12, 2024. *See* ECF 472. Therefore, the Reply was untimely filed, albeit by only a few hours.

On June 18, 2024, Ms. McComber filed "Defendant's Motion To Strike The Government's Untimely Reply to Defendant's Sentencing Memorandum Concerning Defendant's Personal History and Characteristics," pursuant to Fed. R. Crim. P. 45(b)(1)(B). ECF 480 ("Motion to Strike"). And, defense counsel has asked the Court to issue a ruling with respect to the Motion to Strike prior to the sentencing hearing set to begin on June 26, 2024. *Id.* at 1. Nonetheless, as defense counsel knows, the lone prosecutor assigned to the case is on vacation and out of the country, and he will not return until June 24, 2024. *Id.* at 2 n.2. Therefore, the government has not had an opportunity to respond to the Motion to Strike.

Of course, the government is entitled to be heard. However, because sentencing is imminent and the Motion to Strike asks the Court to strike materials that the Court would otherwise consider at sentencing, a ruling must precede the sentencing. Consequently, I will address the Motion to Strike now, subject to the government's right to move for rescission of the Order accompanying this Memorandum.

Fed. R. Crim. P. 45(b)(1)(B) provides: "When an act must be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect."

Defendant asserts that the government's untimely submission of the Reply cannot be justified on the basis of "excusable neglect," as that term appears in Fed. R. Crim. P. 45(b)(1)(B). ECF 480 at 7. The defense suggests that, in determining whether an untimely submission is justified by "excusable neglect" within the meaning of Fed. R. Crim. P. 45(b)(1)(B), this Court should exercise its discretion according to the factors identified in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993). ECF 480 at 7.

In *Pioneer*, the Court concluded that, in determining whether a delay is justified by "excusable neglect," a court "should 'tak[e] account of all relevant circumstances,' including '[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the [dilatory party], and [4] whether the [dilatory party] acted in good faith.'" *Pioneer*, 507 U.S. at 395 (alterations added).

In *Pioneer*, the Supreme Court interpreted the term "excusable neglect" as it appears in Fed. R. Civ. P. 60(b)(1). Defendant assumes, without discussion, that the *Pioneer* standard applies

2

as well to the term "excusable neglect" as it is used in Fed. R. Crim. P. 45(b)(1)(B).  I shall do the same.

Defendant's principal argument in favor of striking the Reply is that government counsel's reasons for the untimely submission—his "vacation schedule [and] his workload"—are not adequate grounds to excuse the submission's untimeliness.  ECF 480 at 9 ("The reason for Mr. Gray's delay is sufficient, standing alone, to preclude a finding of excusable neglect.").  Defendant also asserts that the untimely submission of the Reply will cause her prejudice, because it "raise[s] a host of new arguments and evidence" while depriving defendant of an opportunity to respond, presumably because there is not enough time to do so before the sentencing.  *Id.* at 9 (citing ECF 478-4; ECF 478-7; ECF 478-10).[1]  Defendant suggests that the prejudice caused by the Reply's untimely submission is compounded by the fact that the Reply is "more than *double*[] the permissible page limit."  ECF 480 at 9 (emphasis in ECF 480).  Finally, defendant complains that the Reply is "replete with offensive, discourteous, and wholly unnecessary attacks against [defendant] and defense counsel," including "mocking, gendered attacks against [defendant] that have little relevance to the sentencing proceeding."  ECF 480 at 11 (citing ECF 478 at 9 n.3, 12 n.5).  According to defendant, these attacks "reflect[] Mr. Gray's lack of good faith."  *Id.*

A court's determination as to "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395.  Understandably, the defense is frustrated with the government's recent failures to adhere to the Court's briefing deadlines.  *See* ECF 450 (Order of May 1, 2024, setting deadline of May 23, 2024, for government's reply sentencing memoranda);

---

[1] For some time now, the parties have been aware of the compressed briefing schedule necessitated by the rescheduling of the sentencing to begin on June 26, 2024.  *See* ECF 450.

3

ECF 464 (letter of May 23, 2024, from prosecutor, advising of inability to file sentencing submissions by May 23, 2024); ECF 472 (Court's letter of May 31, 2024, setting revised deadlines of June 6, 2024, for government's reply as to Guidelines issues and June 12, 2024, for its reply submission addressing defendant's personal history and characteristics); ECF 474 (government's "unfinished" reply brief concerning Guidelines issues, filed on June 7, 2024); ECF 478 (government's reply submission as to defendant's personal history, filed on June 13, 2024). Nonetheless, defendant's focus on the prosecutor's untimely filings obscures the history of this case, which has been marked by largely justifiable delays attributable to both the defendant and to the government.

The Court will not, for purposes of ruling on the Motion to Strike, devote time to docket archaeology in order to recount the history of the delays in all their detail. Nevertheless, the Court is confident that the record reflects that the case has been prolonged, at least in part, to accommodate the defendant as well as the government. This fact is certainly relevant to an "equitable" assessment of the government's untimely filing of the Reply. *Pioneer*, 507 U.S. at 395.

I am also mindful that my duty is "to consider all relevant information at a[] . . . sentencing hearing, consistent with [my] responsibility to sentence the whole person before" me. *Concepcion v. United States*, 597 U.S. 481, 491 (2022). The Reply, which was ultimately submitted less than one day beyond the extended deadline, contains information that I consider important to my assessment of defendant's "whole person." *Id.* Defense counsel effectively asks the Court to ignore this information in order to punish "Mr. Gray's flouting of the Rules." ECF 480 at 2. I decline to do so. Any frustration I may have with regard to the government's delay is subordinate

4

to my duty to consider the sentencing factors identified at 18 U.S.C. § 3553(a), and to arrive at a sentence that is "sufficient, but not greater than necessary."

The Court is particularly unmoved by the defense's complaint that the 31-page Reply "more than *doubled* the permissible page limit" established by Local Rule 105.3. ECF 480 at 9 (emphasis in ECF 480). To be sure, the prosecutor should have requested the Court's permission for the oversized filing. But, the defense will certainly recall that it requested and received permission "to file an oversize sentencing submission . . . in excess of the limits set forth in Local Rule 105.3." ECF 434; *see* ECF 451. Indeed, including exhibits, defendant's sentencing submissions total 911 pages. *See* ECF 433; ECF 435. Clearly, defendant has had the benefit of filing submissions that exceed the limits appointed by Local Rule 105.3.

As to the lion's share of the Reply, there is no conceivable prejudice to the defendant by the delay in filing. However, I recognize that the late submission of some "entirely new" material might result in prejudice to the defendant. ECF 480 at 9 (citing ECF 478-4; ECF 478-7; ECF 478-10).

The exhibit filed at ECF 478-4 is an anonymous email to government counsel impugning defendant's character. The exhibit filed at ECF 478-7 is an anonymous submission to the National Security Agency's Office of the Inspector General stating that, after defendant was indicted, she attempted "to run the company [InfoTek] behind the scenes," using a proxy. These disclosures have been made too close to the date of sentencing. The timing of the disclosures could impede defendant's ability to respond. In any event, the exhibits at ECF 478-4 and ECF 478-7 sound a theme well developed by other materials submitted by the government and add little to my sentencing inquiry. Therefore, I will not consider ECF 478-4 and ECF 478-7 in my sentencing analysis.

I will also disregard the prosecutor's comments in footnotes three and five of the Reply. *See* ECF 478 at 9 n.3, 12 n.5. These assaults on aspects of defendant's character, unrelated to her offenses, also come too late. Nor would they aid the Court in its attempt to fashion a just sentence.

These rulings, in my view, relieve defense counsel of any need to prepare a response to ECF 478-4 and 478-7, and to footnotes three and five in the Reply.

In contrast, the exhibit filed at ECF 478-10 contains an illuminating response to an assertion made in the Social History Report submitted by defendant in support of her Sentencing Memorandum of April 19, 2024. ECF 433-2 at 15. Counsel for both parties have had an opportunity to address the issue in writing. And, it is understandable that the government would seek to shed light on the matter by presenting its version of events. If defense counsel believe that further argument on this question is necessary, they may present it at the sentencing hearing.

I also decline to strike those portions of the Reply that discuss a lawsuit in another jurisdiction, filed against defendant's company, InfoTek. ECF 478 at 20–23. The existence of that lawsuit is a matter of public record, and I may take judicial notice of it. Fed. R. Evid. 201. Moreover, it appears that the government alerted the probation agent about this lawsuit on April 11, 2024. Thus, defense counsel has had ample notice of it. *See* ECF 478-6. The matter of the suit's relevance can be addressed by counsel in argument.

In sum, I do not believe the interests of justice favor striking the government's Reply in its entirety. Therefore, I shall grant the Motion to Strike in part and deny the Motion to Strike in part.

In particular, I will not consider ECF 478 at 9 n.3, ECF 478 at 12 n.5, ECF 478-4, or ECF 478-7 in my sentencing analysis. However, I shall consider the remainder of the Reply (ECF 478; ECF 478-1 to ECF 478-10), to the extent relevant.

6

As stated, the prosecutor is away on vacation. That said, the sentencing hearing is set to begin on June 26, 2024. By 4:00 p.m. on June 25, 2024, the government may move to rescind the accompanying Order as improvidently granted.

Date: June 21, 2024                                              /s/
                                                                          Ellen Lipton Hollander
                                                                          United States District Judge