RWC ✓ ____ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

3:41 pm, Jul 01 2024
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

**JACKY LYNN MCCOMBER**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

Case Number: ELH-1-21-CR-00036-001
Defendant's Attorneys: Patricia Richman (AFPD),
Crystal Weeks, Alli Katzen, & Claire Chapla (retained)
Assistant U.S. Attorney: Jefferson Gray

**THE DEFENDANT:**
☐ pleaded guilty to count(s) ___
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☒ was found guilty on counts 1s - 20s of the Superseding Indictment after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 1s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 2s |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____
☒ Original Indictment is dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

June 28, 2024
Date of Imposition of Judgment

_Ellen L. Hollander_  7/1/24
Ellen L. Hollander           Date
United States District Judge

Name of Court Reporter: Nadine Bachmann

**DEFENDANT:**      JACKY LYNN MCCOMBER

**CASE NUMBER:**   ELH-1-21-CR-00036-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:28; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 3s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 4s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 5s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 6s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 7s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 8s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 9s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 10s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 11s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 12s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 13s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 14s |

**DEFENDANT:** JACKY LYNN MCCOMBER

**CASE NUMBER:** ELH-1-21-CR-00036-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:28; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 15s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 16s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 17s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 18s |
| 18:287; 18:2 | Submitting False Claims; Aiding & Abetting and Causing An Act To Be Done | 02/01/2018 | 19s |
| 18:1001(a)(2) | Making False Statements | 02/01/2018 | 20s |

**DEFENDANT:** Jacky Lynn McComber                                    CASE NUMBER: ELH-1-21-CR-00036-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **13 months as to each individual count of conviction contained in Counts 1s – 20s, all to be served concurrently to each other, for a total term of 13 months**.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to the Alderson FPC for service of her sentence.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ a.m./p.m. on _____.
　☐ as notified by the United States Marshal.

☒ The defendant shall surrender, at her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

　☒ before 2:00 pm on 11/7/24.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY U.S. MARSHAL

**DEFENDANT: Jacky Lynn McComber**                                    CASE NUMBER: ELH-1-21-CR-00036-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years as to each individual count of conviction contained in Counts 1s – 20s, all to be served concurrently to each other, for a total term of 2 years**.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A. MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) You must cooperate in the collection of DNA as directed by the probation officer.
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B. STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)           Judgment Page 6 of 8

**DEFENDANT: Jacky Lynn McComber**        CASE NUMBER: ELH-1-21-CR-00036-001

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

## C. SUPERVISED RELEASE ADDITIONAL CONDITIONS

You must undergo a mental health evaluation and, if directed by your probation officer, participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc).

You must undergo in a substance abuse evaluation and, if directed by your probation officer, participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)  
Judgment Page 7 of 8

**DEFENDANT:** Jacky Lynn McComber  
**CASE NUMBER:** ELH-1-21-CR-00036-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5B.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $2,000.00 | $176,913.00 | Waived | | |

☐ CVB Processing Fee $30.00

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, US District Court<br>101 W. Lombard Street<br>Baltimore, MD 21201 | | $176,913.00 | |

**TOTALS**   $ _____   $ __$176,913.00__

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22  
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.