**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE
SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA  
FEDERAL PUBLIC DEFENDER

PATRICIA L. RICHMAN  
ASSISTANT FEDERAL PUBLIC DEFENDER

July 3, 2024

The Honorable Ellen L. Hollander  
United States District Judge for  
    the District of Maryland  
101 West Lombard Street,  
Baltimore, Maryland 21201

    Re:    <u>United States v. Jacky McComber</u>  
            Case No. 21-036

Dear Judge Hollander:

    We write in response to the government's response (ECF No. 498) to the defense's proposed redactions to the government's June 13, 2024 sentencing reply brief (ECF No. 478).

    The defense had hoped to have the opportunity to confer with the government after we shared our proposed redactions by email last Tuesday in an effort to reach an agreement to present to the Court, or at least to explain our thinking and potentially narrow the issues for this Court's resolution. Nevertheless, we see that Mr. Gray has opted to take the sealing issues directly to the Court without further discussion between the parties, choosing to hypothesize about the defense's purported rationales or motives for seeking to seal portions of the response instead of speaking to the defense directly. The defense stands by its proposed redactions and defers to the Court to interpret and apply its order and opinion sealing portions of Ms. McComber's sentencing submission an exhibits, ECF Nos. 467 & 468.

    With that in mind, there are a few items we proposed sealing where we wish to provide more color, as our rationale might not be fully apparent to the Court based on our initial email to the government:

- Mr. Gray objects to sealing discussions of material from Ms. McComber's security file in light of the defense's statements at the sentencing hearing that the NSA "gave [Ms. McComber] a security clearance and kept it in place until her indictment in this case." ECF No. 498 at 7. But, as discussed at the sentencing hearing, NSA took no action on these reports, instead choosing to grant Ms. McComber the highest level of security clearance. In this respect, those reports are analogous to a disciplinary investigation that resulted in no finding, like those often found in the context of police internal affairs investigations. The government routinely asserts that IAD investigations with no findings should be given

no weight and be sealed. We see no reason to treat an analogous NSA investigation differently.

- Mr. Gray posits that the defense is seeking to seal discussion about Ms. McComber's Social History Report in an effort "to spare LCSW Sandman from any public criticism for the approach that she took in preparing her report." ECF No. 498 at 6. Again, the government is incorrect. The defense is not seeking to seal portions of the Social History Report that this Court did not redact pursuant to its prior sealing order. We are seeking to seal discussion about portions of the Social History Report that this Court has already sealed, as well as Mr. Gray's unfounded (and now repeated) and personal attacks on Ms. Sandman's character and professionalism.[1]

- Mr. Gray speculates that the defense is seeking to seal discussion about the 2023 Facebook post and accompanying exhibit because its "gratuitous and wholly unfounded slap at the defendant's ex-husband and his new romantic companion (and her mother) was a horrible embarrassment for the defense." ECF No. 498 at 15. That is not at all the case. We proposed sealing this material because the Court redacted all discussion of the Facebook post from the Social History Report, including a screenshot of the post. *See* ECF No. 470 at 14.

We also request that the Court provisionally seal the government's response (ECF No. 498) pending the resolution of which portions of ECF No. 478 should be redacted. A number of portions of the government's response directly quote or describe in detail material in ECF No. 478 that has already been sealed and that the defense believes should be sealed under the Court's prior order. For example, the government quotes a statement by Ms. McComber's ex-husband and then states that it has "no objection to the redaction of those four [quoted] words" under the Court's prior sealing order. *See* ECF No. 498 at 5–6. A few pages later, the government describes a family tragedy suffered by Ms. McComber and her husband, the circumstances of which, as the government acknowledges, this Court previously sealed. *See id.* at 8. There are many other examples of the government using the same tactic throughout its response. The defense therefore respectfully submits that the response (ECF No. 498) should be provisionally sealed while the Court decides which portions of ECF No. 478 and the accompanying exhibits should be sealed, which in turn will inform any redactions that should be applied to ECF No. 498.

We thank the Court for its attention to this matter.

---

[1] We agree with Mr. Gray that the government can—and is expected to—offer "fair criticism" of our investigator's performance. *See* ECF No. 498 at 6. We perhaps diverge on what constitutes "fair" criticism. *Id.* at 15 (alleging that "bias" and "malice" motivated the social history report).

2

Respectfully,

/s/
Patricia Richman
Assistant Federal Public Defender

cc:   Jefferson Gray, AUSA (email)