**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---:|
| Chambers of | 101 West Lombard Street |
| **Ellen Lipton Hollander** | Baltimore, Maryland 21201 |
| District Court Judge | 410-962-0742 |

July 3, 2024

LETTER TO COUNSEL

      Re:    *United States v. Jacky McComber*
                Criminal No. ELH-21-0036

Dear Counsel:

      As you know, on June 13, 2024, the government filed its reply (ECF 478 to ECF 478-10, "Reply") to the Sentencing Memorandum of the defendant addressing defendant's personal history and characteristics (ECF 433). The government did not file the Reply under seal, although the issue of sealing personal and third-party information had been litigated by the parties and was addressed by the Court in its Memorandum Opinion (ECF 467) and Order (ECF 468) of May 31, 2024.

      On June 13, 2024, counsel for defendant requested by email "that the Court provisionally seal" the Reply. According to defense counsel, "the government's filing . . . contains a great deal of sensitive personal information about Ms. McComber, including information that appears to fall into categories that the Court has previously ordered to be kept under seal." (Citing ECF 467). Mr. Gray responded by email on June 13, 2024. He indicated that the government had "no objection to provisionally sealing the brief until defense counsel can review it further." He also stated that certain unspecified "portions [of the Reply] could certainly be placed under a partial seal or redacted."

      I construed defense counsel's email as a motion to seal the Reply provisionally, and I granted it. Therefore, the Reply is currently under seal.

      By Order of June 14, 2024 (ECF 479), I directed counsel to confer and to advise the Court, jointly if possible, as to the portions of the Reply that counsel believe require redaction. I so directed counsel in the hope that counsel might reach an agreement in full or in part as to the matter of sealing. Counsel appear to have conferred briefly, but not fully, by email. *See* ECF 498-1; ECF 502.

      On July 2, 2024, the government filed a submission objecting to many of the redactions proposed by defendant. ECF 498. The government's submission is an 18-page mass of text surfeited with baroque cross-references to different parts of the Reply. For example, the government asks the Court to evaluate a proposed redaction to the text at "[p]age 22, top of page 22 through end of first full paragraph on page 23; second and third lines of first full paragraph on page 23; reference to name (N.H.) of a friend of the defendant's and entire bottom paragraph on page 23; second half of page 24 and footnote 15; first full paragraph on page 25." *Id.* at 11.

The government also filed a copy of "the defendant's version of [the Reply (ECF 478)] showing the redactions ordered by the Court in in its order of June 20th (ECF # 482) in blue and [defendant's] additional redactions (in yellow or ocher)." *See* ECF 499-1.

Today, July 3, 2024, defense counsel filed a letter "in response to the government's response (ECF No. 498) to the defense's proposed redactions to the government's June 13, 2024 sentencing reply brief (ECF No. 478)." ECF 502 ("Letter"). In the Letter, counsel wrote, *id.* at 1:

> The defense had hoped to have the opportunity to confer with the government after we shared our proposed redactions by email last Tuesday in an effort to reach an agreement to present to the Court, or at least to explain our thinking and potentially narrow the issues for this Court's resolution. Nevertheless, we see that Mr. Gray has opted to take the sealing issues directly to the Court without further discussion between the parties, choosing to hypothesize about the defense's purported rationales or motives for seeking to seal portions of the response instead of speaking to the defense directly. The defense stands by its proposed redactions and defers to the Court to interpret and apply its order and opinion sealing portions of Ms. McComber's sentencing submission an exhibits, ECF Nos. 467 & 468.

The Letter indicates that the government failed to attempt a negotiated resolution of the sealing dispute. *See id.*[1] If the Letter's statement to this effect is true, the government's decision to eschew an effort to reach agreement, in favor of presenting yet more argument, is perplexing and unnecessarily burdensome to the Court.

It remains my expectation that counsel will confer in good faith and make a genuine effort to arrive at an agreement to present to the Court or, at least, "narrow the issues for the Court's resolution." *Id.* Accordingly, I renew my directive requiring counsel to confer regarding the proposed redactions to the Reply. And, by 5 p.m. on July 10, 2024, counsel shall file a copy of the Reply, annotated as follows:

1. The redactions proposed by defendant with respect to which the government has no objection shall be highlighted in yellow.
2. The redactions proposed by defendant with respect to which the government has an objection shall be highlighted in blue.

In addition, and at the same time, each side may submit a memorandum, if it chooses, that further explains its position regarding the proposed redactions to the Reply.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

---

[1] Of course, even if the parties do reach an agreement, the Court is mindful that it must independently determine whether sealing is warranted. Nevertheless, an agreement by counsel can serve as a helpful guide.

- 3 -

Very truly yours,

_____/s/_____

Ellen Lipton Hollander
United States District Judge