

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Jefferson M. Gray*
*Assistant United States Attorney & Deputy Appellate Chief*
*Jefferson.M.Gray@usdoj.gov*

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4915
MAIN: 410-209-4800
FAX: 410-962-3091

July 8, 2024

**BY CM/ECF**

The Hon. Ellen L. Hollander
U.S. District Court Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re: *United States v. Jacky McComber*
         Crim. No. ELH-21-036
         The Government's Response to the
         Court's Letter of July 3, 2024

Dear Judge Hollander:

  I have received your letter-order of July 3, 2024 (ECF # 503) concerning the lingering issue of defense counsel's requests for extensive redactions to the government's sentencing reply brief addressing the § 3553 factors (ECF # 478). In response, I ask the Court to consider the following points, which I believe may permit a more rapid resolution of the redaction issue.

  On June 14th, the day after the government filed its sentencing reply memorandum, the Court issued a letter-order (ECF # 479) responding to defense counsel's email of the afternoon before that issued the following instructions:

- "[T]he parties are directed to confer and to advise the Court, jointly if possible, which portions of the Reply they believe require redaction. In doing so, counsel should take into account the Court's Memorandum Opinion of May 31, 2024 (ECF # 467)."

- "If the parties reach an agreement to redact portions of the Reply, counsel shall file a copy of the Reply that reflects the agreed-upon redactions."

- "If the parties cannot come to an agreement, they shall notify the Court, and describe their disagreements with particularity."

Significantly, the Court also noted that "I understand that Mr. Gray is out of the office until on or about June 25th, 2024.[1] Therefore, the submission (ECF 478) shall remain sealed until counsel comply with this directive."

The Court's final statement above reflects that the Court was not expecting the parties to make significant headway on the process of resolving the redaction issues raised by the defense with regard to ECF #478 until government counsel returned. In keeping with this, the Court did not set a deadline for this process to be completed. As the Court knows, the government only received defense counsel's email concerning its stance on the redactions at about 3:15 p.m. on Tuesday, the 25th – and that, as we noted in our letter of yesterday (ECF # 506), that email provided only the most minimal justifications for their requested redactions. The undersigned nevertheless set aside his other preparations for the sentencing hearing in an effort to complete a response on the redactions by sometime that night, before concluding at 3:30 a.m. that this simply was not going to be possible. However, government counsel did advise the defense in his email at that time on early Wednesday morning that "thus far, I find that I am agreeing with very few of your proposed redactions . . . ." Government counsel further reaffirmed that position at the end of the sentencing hearing on Friday, leading to the resolution that the undersigned counsel would submit a written statement of the defense's positions and the government's objections by the following Tuesday.

In short, although the Court's July 3rd letter suggests that it believes the parties should have spent more time trying to reach an accord on the redactions during the week of the sentencing hearing itself, that simply was not feasible as a practical matter. There is only one government attorney available to work on this case, in contrast to the five available to work on the defense side, and I was responsible for handling all aspects of the sentencing hearings and the redaction issues after I returned from a vacation that I calendared eight months earlier.[2]

Not only was it not reasonably feasible for the parties to spend significant additional time debating the redaction issues during the midst of the exceptionally demanding three-day sentencing hearing (which seems to have left all involved completely exhausted by late Friday), but there is no reasonable ground for believing that a further expenditure of time to that end would have been productive. As ECF # 499 reflects, which is the defense's highlighted version (in ocher or yellow) of the

---

[1]   Government counsel had stated at the teleconference on April 30th, which was called to discuss how to adjust the sentencing schedule in light of the defense's massive sentencing filings on April 19th, that "I'm away through the 24th" of June. ECF # 452 at 48. Counsel actually returned to Baltimore on the evening of Sunday, the 23rd, making the 24th his first day back in the office.

[2]   In contrast, the defense was in a position to have Ms. Richman focus on the Guinther letter; Ms. Weeks focus on the loss issues; Ms. Chapla focus on the redaction issues; while still having Ms. Katzen available in reserve to assist as needed.

2

redactions it is seeking from government's sentencing reply brief, this is not a situation where the defense is requesting a relative handful of redactions. Based on our page-by-page review of the redactions requested by the defense, we believe a reasonable estimate *is that the defense is requesting that roughly 55% of the text of our reply brief be redacted.* As I noted in my email to Ms. Chapla on the morning of Wednesday, June 26th, "your proposed redactions are so extensive that they would render our brief largely unintelligible and worthless to any reader." ECF # 504-2. (And the defense further seeks to seal all seven of our remaining exhibits.)

To put this in perspective: in 29 years of practice as a federal prosecutor, I am not able to recall a prior occasion when a defense counsel has asked that a portion of one of my sentencing briefs be redacted. And, consistent with the opening provision of 18 U.S.C. § 3553(a)(1), many of my briefs have extensively discussed prior bad acts by defendants (some adjudicated, many not) that extended years or even decades into the past.

Moreover, the defense has provided us with little basis to have further productive discussions about their requested redactions. Although defense counsel had a full ten days from the time of the Court's June 14th Order to prepare a more substantial discussion of the bases for their redaction requests, they merely cited ECF # 467 and various other prior filings and then treated the basis of their position as self-evident. And even after the government's filing on Tuesday evening provided a detailed breakdown of its position on the redactions, Ms. Richman's letter on the morning of July 3rd provided no more detail, merely stating that **"The defense stands by its proposed redactions and defers to the Court to interpret and apply its order and opinion sealing portions of Ms. McComber's sentencing submission an[d] exhibits**," ECF Nos. 467 & 468."

Thus, with regard to the Court's direction in its letter on July 3rd that "counsel will confer in good faith and make a genuine effort to arrive at an agreement to present to the Court or, at least, 'narrow the issues for the Court's resolution,'" we believe that both the government and the defense have now effectively stated (or remained silent when the opportunity to express additional flexibility was presented) that asking the parties to spend additional time conferring about these matters is likely to consume limited and diminishing time without producing a final resolution. As has been made clear by the parties' filings on the sealing issue since April 22nd, the parties fundamentally disagree both about how much sealing of sentencing filings is appropriate as a matter of law and principle, and about what is required by the Court's Order of May 31st (ECF # 467). The latter part of that dispute is clearly best resolved by the Court.

Accordingly, by this point, even with the demands of the sentencing schedule in this case, the parties have already made their respective positions adequately known to each other. Indeed, the government has further already acted in compliance with the Court's suggestion in its July 3rd Order that "each side may submit a memorandum, if it chooses, that further explains its position regarding the proposed redactions to the

3

Reply" by filing ECF # 498, while the defense has indicated that it feels no need to have anything further to say on the matter. ECF # 502. The government accordingly urges this Court to accept that this issue is already in an appropriate posture for its resolution and that given the shortness of time remaining here, no good end will be served by asking the parties to spend the next three days in further consultations and in drafting additional submissions.

That brings us to the substantial tools that have already been made available to the Court with which to commence its resolution of the redaction issue. The Court's letter of July 3rd suggests that it does not fully appreciate how counsel have already sought to assist it in that effort, as reflected by its statement below:

> On July 2, 2024, the government filed a submission objecting to many of the redactions proposed by defendant. ECF 498. *The government's submission is an 18-page mass of text surfeited with baroque cross-references to different parts of the Reply.* For example, the government asks the Court to evaluate a proposed redaction[3] to the text at "[p]age 22, top of page 22 through end of first full paragraph on page 23; second and third lines of first full paragraph on page 23; reference to name (N.H.) of a friend of the defendant's and entire bottom paragraph on page 23; second half of page 24 and footnote 15; first full paragraph on page 25." *Id.* at 11.

(Emphasis added.)

What the parties have already made available to the Court to assist it in definitively and speedily resolving the wholesale redaction requests *raised by the defense* with regard to the government's sentencing reply brief are as follows:

- The version of the text of the government's reply brief (ECF # 478) prepared by defense counsel that shows, in ocher or yellow, the material it is seeking to have redacted from publicly-filed version of the government's brief. The government has filed that as ECF # 499, and explained what it is in ECF # 498 at 18.

- Ms. Chapla's email to government counsel on the afternoon of Tuesday, June 25th, to which ECF # 499 was attached, in which she identified the subject areas and the government exhibits that the defense was seeking to have redacted and filed under seal. The government filed that as ECF # 498-1 on Tuesday of last week.

---

[3] As noted below, this is not "a proposed redaction," but a sequential listing of multiple redactions sought by the defense over the indicated four pages of the government's brief.

4

- The government's filing ECF # 498, which the government offered to file to expedite this process at the end of the sentencing hearing, with the Court's approval, and with no objection from the defense.

The latter filing by government counsel, which the Court subsequently excoriated in the passage quoted above, undertook to do the following:

- Summarize the applicable principles derived from the Court's Sealing-Related Order of May 31st (ECF # 467), as the government understood and sought to apply them in drafting its reply memorandum and evaluating whether it needed to be redacted and sealed in part (pages 3-4).

- Identify and describe, *in the sequential order in which they appeared in the text of the government's reply brief* (ECF # 478), the defense's proposed redactions, followed by a discussion of the government's specific reasons for opposing them (or not opposing them, in the case of Exhibit 9 to ECF # 478). To avoid undue repetition and prolixity, where it was possible to group more than one of the defendant's requested redactions together, and a common explanation of the government's position applied to all of them, the government did so. (Significantly, because the government's reply brief proceeded by addressing a series of distinct topics, we were not required to address the defense's redaction requests out of numerical sequence in order to do this.)

To further make it easier for the Court to follow and understand the nature of each redaction request being proposed by the defense, the government identified them in ECF # 498 by page number and by identifying the specific paragraphs at issue in the case of partial redactions. We further put the page and paragraph identifications and the summary of the defense's requested redaction in bold-faced type to make them more prominent in the text.

Thus, for example, with regard to the description on page 11 of ECF # 498 that the Court criticized in its July 3rd letter, the bold-faced type demonstrates that the discussion that follows it will address a series of defense-requested redactions between pages 22 and 25 of the government's reply brief that were partial, each taking up less than a full page or even a paragraph. Sometimes these consisted of a full paragraph; sometimes of a few sentences or lines in a paragraph; and in one case, of a single name. See **Exhibit 1** (pages 22-25 from ECF 499 showing exactly what defense counsel sought to have redacted on each of these four pages) (filed separately under seal). The discussion that follows at pages 11-13 then proceeds in the numerical sequence in which the defense's requested redaction appears in the text of the government's brief. In each instance, the transition to the discussion of the next proposed defense redaction in the text is signposted at the start of each successive paragraph:

> With regard to the first paragraph in section IV at the bottom of page 22, [government response follows]
>
> As for the discussion in the second and third sentences of the first full paragraph on page 23, [government response follows]
>
> As for the name of Ms. N.H. on page 23, [government response follows]
>
> As for the bottom paragraph of page 23, [government response follows]
>
> With regard to the second half of the first full paragraph on page 24 and footnote 15, bottom paragraph of page 24 and the top of page 25 and Exhibit 9, [government response follows]
>
> As for the final statement by Mr. Kimmel that is referred to in the last sentence of this paragraph on page 25, [response follows]

This ordered presentation was intended to assist the Court in focusing on each of the defense's numerous redaction requests; to understand the subject matter of that redaction request; and to put before the Court the government's specific reasoning concerning that request immediately after identifying it.

The "mass of text" referred to in the Court's July 3rd letter was the government's response to each of the defense's extensive redaction requests (which, among other things, obviated the need for the government to "submit a memorandum . . . that further explains its position regarding the proposed redactions in the Reply," as suggested by the Court at ECF # 503, bottom of page 2).

The "surfeit" of "baroque cross-references to different parts of the Reply" that the Court complained about in its July 3rd letter was simply the necessary identification and description of the *defense's* numerous and extensive requests, which ranged from individual numbers and names up to entire pages. If there was a "surfeit" here – and we actually would agree that there was – it was defense's numerous requested redactions, to which it was necessary for the government to respond.

- Finally, after going through our responses to all of the defense's requested redactions to the text of the government's reply brief (pages 4-15), we then turned our attention in ECF # 498 to the defense's requests that all seven of the government's remaining exhibits to ECF # 478 should be sealed as well. We presented this section in tabular form with three columns, so that the Court could readily understand which exhibit was at issue and what it consisted of; the text provided by the defense in Ms. Chapla's email of the basis for its sealing request; and the government's response (pages 15-18).

We felt, when we filed ECF 498, that we had carefully considered how best to present and break down the defense's extraordinarily extensive redaction requests with regard

6

to our sentencing reply brief in order to facilitate the Court's consideration and resolution of the *defense's* requests. We are sorry that the Court did not see it that way. We hope that the further explanation above will persuade the Court that our submission ECF # 498 in fact provides a highly useful road map for the Court to employ in resolving the outstanding redaction issues raised by the defense with regard to ECF # 478.

    We therefore urge the Court to recognize that the materials that have already been submitted to the Court – some of them the work of the government, some of them the work of the defense – are sufficient to enable it to move promptly to resolve the defense's extensive redaction requests. The government respectfully suggests that allocating the first three days of this week to further discussions among the parties and the preparation of additional written filings beyond those the parties have already prepared, as directed by the Court's July 3rd Order, will actually not advance this objective. If, notwithstanding the further explanation set forth above, the Court still wishes the parties to follow that course, the government will of course comply.

                                 Very Truly Yours,

                                 Jefferson M. Gray

cc:  All counsel (by ECF)