**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

July 8, 2024

LETTER TO COUNSEL

    Re:    *United States v. Jacky McComber*
            Criminal No. ELH-21-0036

Dear Counsel:

As you know, by Memorandum Opinion (ECF 467) and Order (ECF 468) of May 31, 2024, the Court resolved a dispute between the parties concerning the sealing of certain portions of the Sentencing Memorandum submitted by defendant with respect to her personal history and characteristics (ECF 433, "Sentencing Memorandum"). Counsel now present the Court with another sealing dispute, this time with respect to the government's reply to the Sentencing Memorandum. ECF 478 ("Reply"). The Reply includes several exhibits. ECF 478-1 to ECF 478-10.

The government filed the Reply on June 13, 2024. On the same day, counsel for defendant requested by email "that the Court provisionally seal" the Reply. I construed defense counsel's email as a motion to seal the Reply temporarily, and I granted it. *See* ECF 479 at 1. Therefore, the Reply is currently under seal.

By Order of June 14, 2024 (ECF 479), I directed counsel to confer and to advise the Court, jointly if possible, as to the portions of the Reply that counsel believe require redaction. I asked counsel, in their discussions, to "take into account the Court's Memorandum Opinion of May 31, 2024 (ECF 467)." ECF 479 at 1.[1]

A few days later, on June 18, 2024, defendant moved to strike the Reply as untimely filed. ECF 480 ("Motion to Strike"). Because sentencing was to begin on June 26, 2024, the Motion to Strike required a speedy resolution. By Memorandum (ECF 482) and Order (ECF 483) of June 21, 2024, I granted the Motion to Strike, in part, and denied it, in part, with leave to the government to move to rescind the Order as improvidently granted. In particular, I indicated that I would disregard the content of two footnotes (ECF 478 at 9 n.3; *id.* at 12 n.5) as well as two exhibits (ECF 478-4; ECF 478-7). But, I otherwise declined to strike the submission. Notably, I did not address the propriety of sealing or redacting the Reply.

---

[1] In response to the Order of June 14, 2024 (ECF 479), counsel appear to have conferred by email. *See* ECF 498-1; ECF 502.

Sentencing proceedings were held on June 26, June 27, and June 28 of 2024.  ECF 489; ECF 490; ECF 491.  During the proceedings, the government made clear that it opposed defendant's requested redactions to the Reply.  The Court permitted the government to submit a response in opposition to defendant's request for redactions, due by July 2, 2024.

On July 2, 2024, the government filed a submission objecting to many of the redactions proposed by defendant. ECF 498.  The government also filed a copy of "the defendant's version of [the Reply (ECF 478)] showing the redactions ordered by the Court in in its order of June 20th [sic] (ECF # 482) in blue and [defendant's] additional redactions (in yellow or ocher)."  ECF 499; *see* ECF 499-1 (highlighted document).

Thereafter, on July 3, 2024, defense counsel filed a letter "in response to the government's response (ECF No. 498) to the defense's proposed redactions to the government's June 13, 2024 sentencing reply brief (ECF No. 478)." ECF 502 ("Defense Letter"). In the Defense Letter, counsel wrote, *id.* at 1:

> The defense had hoped to have the opportunity to confer with the government after we shared our proposed redactions by email last Tuesday in an effort to reach an agreement to present to the Court, or at least to explain our thinking and potentially narrow the issues for this Court's resolution. Nevertheless, we see that Mr. Gray has opted to take the sealing issues directly to the Court without further discussion between the parties, choosing to hypothesize about the defense's purported rationales or motives for seeking to seal portions of the response instead of speaking to the defense directly. The defense stands by its proposed redactions and defers to the Court to interpret and apply its order and opinion sealing portions of Ms. McComber's sentencing submission an exhibits, ECF Nos. 467 & 468.

Also on July 3, 2024, the government filed a letter addressing defense counsel's claim that the government failed to confer with defense counsel regarding the sealing of the Reply.  ECF 504.

By Order of July 3, 2024 (ECF 503), I "renew[ed] my directive requiring counsel to confer regarding the proposed redactions to the Reply."  *Id.* at 2.  I also instructed counsel to file, by 5 p.m. on July 10, 2024, a copy of the Reply, annotated as follows, *id.*:

1. The redactions proposed by defendant with respect to which the government has no objection shall be highlighted in yellow.
2. The redactions proposed by defendant with respect to which the government has an objection shall be highlighted in blue.

Moreover, the Order provided that "each side may submit a memorandum, if it chooses, that further explains its position regarding the proposed redactions to the Reply."  *Id.*

In directing counsel to confer, I had hoped to facilitate an expeditious resolution of the parties' latest sealing dispute.  However, in recent submissions, the government insists, rather emphatically, that any additional expenditure of counsel's time in attempting to reach an agreement would be futile.  Indeed, the government believes that the Court's intervention is

necessary to resolve "the parties['] fundamental[] disagree[ments]" regarding the sealing of the Reply.  ECF 507 at 3.

In further explanation of its disagreements with defense counsel, on July 7, 2024, the government filed a "Response to Remaining Portions of Defense Counsel's Letter of July 3, 2024." ECF 506.  And, on July 8, 2024, the government filed a "Response to the Court's Letter of July 3, 2024." ECF 507 ("Government Response").  In the Government Response, the government asserts that, "although the Court's July 3rd letter suggests that it believes the parties should have spent more time trying to reach an accord on the redactions during the week of the sentencing hearing itself, that simply was not feasible as a practical matter." *Id.* at 2.  In addition, the government maintains that "there is no reasonable ground for believing that a further expenditure of time to that end would have been productive." *Id.*

According to the government, the sealing "issue is already in an appropriate posture for [the Court's] resolution and . . . given the shortness of time remaining here, no good end will be served by asking the parties to spend the next three days in further consultations and in drafting additional submissions." *Id.* at 4.  Moreover, the government suggests that the Court avail itself of "the substantial tools that have already been made available to the Court with which to commence its resolution of the redaction issue." *Id.*  In particular, the government directs the Court's attention to the government's submission of July 2, 2024 (ECF 498); a highlighted version of the Reply and accompanying explanation of the meaning of the highlights (ECF 499; ECF 499-1); and an email of June 25, 2024, from defense counsel to the government. ECF 498-1.  The government concludes, ECF 507 at 7:

> We therefore urge the Court to recognize that the materials that have already been submitted to the Court—some of them the work of the government, some of them the work of the defense—are sufficient to enable it to move promptly to resolve the defense's extensive redaction requests. The government respectfully suggests that allocating the first three days of this week to further discussions among the parties and the preparation of additional written filings beyond those the parties have already prepared, as directed by the Court's July 3rd Order, will actually not advance this objective.

The Court appreciates the evident effort expended by the government in presenting the sealing issue to the Court for decision.  Nevertheless, in my view, the "tools" provided to the Court are not completely satisfactory.  In particular, I continue to believe that an annotated version of the Reply, as described in the Court's Order of July 3, 2024 (ECF 503), would significantly aid my resolution of the dispute.

The highlighted version of the Reply previously submitted by the government (ECF 499-1) "show[s] the redactions ordered by the Court in its order of June [21] (ECF # 482) in blue and [defendant's] requested additional redactions (in yellow or ocher)." ECF 499.  Yet, the submission at ECF 499-1 does *not* indicate the proposed redactions to which the government consents.  *See id.*  This omission is significant, because although the government objects to many of defendant's proposed redactions, the government does not object to all of them.  *See, e.g.,* ECF 498 at 10–11 (stating that the government is "willing to acquiesce to the redaction of the specific details" provided at ECF 478 at 9, n.3); ECF 498 at 14 (stating that, with certain exceptions, the government

is "willing to agree to the redaction of the material relating to [defendant's] first husband"). A version of the Reply highlighted in the manner directed in the Order of July 3, 2024 (ECF 503) will help the Court identify the portions of the Reply that are in issue.

I note, as well, that the government's description of the submission at ECF 499-1, *see* ECF 499, mischaracterizes the nature of the Court's ruling of June 21, 2024. In that ruling, the Court addressed defendant's request to *strike*—not seal—the Reply. *Cf.* ECF 499 (stating that the submission at ECF 499-1 "show[s] the redactions ordered by the Court in its order of June 20th [sic] (ECF # 482) in blue"). The government appears to assume that, by striking certain material in the Reply, the Court necessarily sealed that material as well. The accuracy of this assumption is not self-evident. Indeed, by ruling on the Motion to Strike, the Court determined whether it would consider the assertions in the Reply—not whether the material would remain on the public docket.

In short, the highlighted version of the Reply is of limited value to the Court. Therefore, by 5 p.m. on July 10, 2024, government counsel shall file a copy of the Reply, annotated as follows:

1. The redactions proposed by defendant with respect to which the government has no objection shall be highlighted in yellow.
2. The redactions proposed by defendant with respect to which the government has an objection shall be highlighted in blue.

However, given the government's representation that no agreement regarding the sealing of the Reply is possible, I shall no longer require counsel to confer regarding the substance of their sealing dispute. Moreover, I am satisfied that the parties' existing submissions, when supplemented by a version of the Reply annotated in the manner requested, will be sufficient to allow the Court to make an informed resolution of the parties' dispute. And, pursuant to the Order of July 3, 2024 (ECF 503), it remains the case that each side *may* "submit a memorandum, if it chooses, that further explains its position regarding the proposed redactions to the Reply," due by 5 p.m. on July 10, 2024. *Id.* at 2. But, none is required.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

    /s/

Ellen Lipton Hollander
United States District Judge